**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

IRVIN SANDOVAL-ORELLANA,
*Defendant-Appellant*.

No. 12-50095

D.C. No.
3:11-cr-00920-
BEN-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted
March 6, 2013—Pasadena, California

Filed May 9, 2013

Before: Sidney R. Thomas and Andrew D. Hurwitz, Circuit
Judges, and Ralph R. Beistline, Chief District Judge.[*]

Opinion by Judge Beistline

---

[*] The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

## Criminal Law

The panel affirmed a conviction and sentence for attempted entry after deportation in a case in which the defendant argued that his prior conviction for sexual penetration by foreign object in violation of Calif. Penal Code § 289(a)(1) was not an aggravated felony and that he was thus improperly denied relief during the underlying removal proceedings.

The panel held that in the ordinary case, a conviction for sexual penetration with a foreign object involves a substantial risk of the use of force against another and therefore qualifies as an aggravated felony crime of violence as defined in 8 U.S.C. § 1101(a)(43)(F). The panel held accordingly that § 289(a)(1) proscribes a categorical aggravated felony crime of violence under 18 U.S.C. § 16(b). Because, however, the crime may also be accomplished by means of duress and duress does not necessarily involve the use, attempted use, or threatened use of violent physical force, the panel held that sexual penetration in violation of § 289(a)(1) does not qualify as a crime of violence under 18 U.S.C. § 16(a).

The panel held that the sentence imposed was reasonable.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

L. Marcel Stewart, San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; and Victor P. White (argued), Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

**OPINION**

BEISTLINE, Chief District Judge:

Irvin Sandoval-Orellana appeals his conviction of attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I.**

Sandoval-Orellana was born in Guatemala in 1979 and was admitted to the United States on or about August 28, 1992, as a lawful permanent resident. In August 2003, he was convicted of "sexual penetration by foreign object" in violation of California Penal Code ("PC") § 289(a)(1), for which he was sentenced to three years in custody.

On April 27, 2010, Sandoval-Orellana was served with a notice to appear, and on May 24, 2010, was placed in deportation proceedings. The immigration judge ("IJ") found him removable under Section 237(a)(2)(A)(iii) of the

Immigration and Nationality Act ("INA"), which states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).[1] Sandoval-Orellana requested voluntary departure, but the IJ found him ineligible because he was an aggravated felon. Sandoval-Orellana was removed from the United States to Guatemala on or about June 15, 2010.

On December 31, 2010, Sandoval-Orellana applied for entry into the United States at the San Ysidro, California, Port of Entry. He presented what appeared to be a valid permanent resident card and indicated that he was traveling back to Los Angeles from a visit with family in Mexico. He was detained by immigration. On March 9, 2011, a grand jury returned an indictment charging Sandoval-Orellana with attempted entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

A person accused of violating 8 U.S.C. § 1326 may collaterally attack the underlying deportation in certain circumstances. 8 U.S.C. § 1326(d). Accordingly, on April 26, 2011, Sandoval-Orellana filed a motion to dismiss the indictment, claiming that his original deportation was invalid.

On July 25, 2011, the district court issued a written decision denying Sandoval-Orellana's Motion to Dismiss. *United States v. Sandoval-Orellana*, No. 3:11-cr-920 BEN

---

[1] In addition to his conviction for unlawful penetration, Sandoval-Orellana was also deemed removable under INA Section 237(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude, forgery (PC § 475(c)) and grand theft (PC § 487), which did not arise out of a single scheme of criminal conduct. 8 U.S.C. § 1227(a)(2)(A)(ii). This finding is not at issue in this appeal.

(S.D. Cal. July 25, 2011).  Sandoval-Orellana subsequently entered a conditional guilty plea and was sentenced to fifty-seven months in prison and three years of supervised release.

Sandoval-Orellana appeals, arguing that he was wrongfully deported because he was never convicted of an aggravated felony and thus was eligible for various types of discretionary relief, including cancellation of removal under 8 U.S.C. § 1229b(a), voluntary departure under 8 U.S.C. § 1229c, and waiver of excludability under 8 U.S.C. § 1182(h).  Sandoval-Orellana also argues the fifty-seven month sentence imposed was more severe than necessary to meet the goals of 18 U.S.C. § 3553(a).

## II.

Under Section 237(a)(2)(A)(iii) of the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  An "aggravated felony" includes "a crime of violence" as defined in 18 U.S.C. § 16 for which the term of imprisonment is at least one year.  8 U.S.C. § 1101(a)(43)(F).  A crime of violence under Title 18 (and for purposes of the INA) is defined as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, **by its nature**, involves a **substantial risk** that **physical force** against the person or property

of another **may be used in the course of committing the offense**.

18 U.S.C. § 16 (emphasis added).

We review whether a prior conviction constitutes a crime of violence de novo. *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003). We also review de novo the denial of a motion to dismiss pursuant to 8 U.S.C. § 1326(d). *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010). A district court's findings of fact underlying its denial of such a motion are reviewed for clear error, and we may affirm the denial of a motion to dismiss on any basis supported by the record. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012).

To determine whether a criminal offense qualifies as an aggravated felony, we first apply the categorical approach set out in *Taylor v. United States*, 495 U.S. 575 (1990).[2] Under that approach, we "look only to the fact of conviction and the statutory definition of the prior offense and compare it to the generic definition of the offense." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1039 (9th Cir. 2010) (internal quotation marks and citation omitted).

PC § 289(a)(1) states, in relevant part: "Any person who commits an act of sexual penetration when the act is accomplished **against the victim's will** by means of **force, violence, duress, menace, or fear of immediate and unlawful bodily injury** on the victim or another person shall be punished by imprisonment." (emphasis added). Sandoval-

---

[2] The court concludes that the modified categorical approach also discussed in *Taylor* is not relevant in this case.

Orellana notes that PC § 289 can be violated with consent given under duress, and therefore argues that commission of the crime does not necessarily involve violence. He attempts to draw a parallel with *Valencia v. Gonzales*, in which we held that statutory rape in violation of PC § 261.5(c) is not categorically a crime of violence given the possible consensual nature of such sexual intercourse. *See* 439 F.3d 1046, 1051, 1053 (9th Cir. 2006). The *Valencia* court noted that the statute prohibits a broad range of conduct including "consensual sexual intercourse between a twenty-one-year-old and a minor one day shy of eighteen," and thus reasoned that violation of the statute did not necessarily involve a substantial risk of violence under § 16(b). *Id.* at 1051–52. Sandoval-Orellana suggests the same rationale demonstrates that PC § 289(a)(1) is not categorically a "crime of violence" under § 16(b).

But a conviction under PC § 289(a) does not rest on the victim's legal incapacity to consent to sexual penetration; rather, it requires that the sexual penetration be accomplished "against the victim's will." PC § 289(a)(1). The statutory rape provision in *Valencia*, PC § 261.5(c), contains no comparable language.[3] The rationale of *Valencia* therefore does not apply.

Section 16(b) does not require actual violence, but rather only a substantial risk of violence. We agree with the district court's conclusion that although some violations of PC

---

[3] "Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison." Cal. Penal Code § 261.5(c) (1997).

§ 289(a) may not involve actual violence, all will involve a substantial risk of violence.  Although sexual penetration against the victim's will may be accomplished without the use of any physical force because psychological coercion may suffice, this is precisely the type of felony that "by its nature" brings with it a "substantial risk" that physical force will be used during the course of the crime.  *See Lisbey v. Gonzales*, 420 F.3d 930 (9th Cir. 2005) (finding that sexual battery under California PC § 243.4(a) carries a substantial risk of force).[4]  The district court aptly noted that "sexual penetration of another person's body is not the type of conduct that occurs accidentally or negligently," and that it involves an intimate violation likely to elicit physical resistance from the victim.  It therefore concluded that Sandoval-Orellana's prior California conviction for violating PC § 289(a)(1) categorically qualified as a "crime of violence" under 18 U.S.C. § 16(b), and therefore he had committed an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), making him deportable under INA § 237(a)(2)(A)(iii).

We agree.  In *James v. United States*, 550 U.S. 192 (2007), the Supreme Court explained that the "ordinary case" is the proper focal point of a court's inquiry under the categorical approach:

---

[4] *Lisbey* is distinguishable insofar as a conviction for sexual battery under PC § 243.4(a) "requires that the sexual touching not only be committed against the victim's will, but also by the restraint of the victim." *Lisbey*, 420 F.3d at 933.  While this attribute of PC § 243.4(a) strengthens the case for finding sexual battery to be a categorical crime of violence, however, it does nothing to undermine the conclusion that forcible sexual penetration in violation of PC § 289(a) is also a crime of violence because it too involves a substantial risk that force will be used.

> [T]he proper inquiry is whether the conduct encompassed by the elements of the offense, **in the ordinary case**, presents a serious potential risk of injury to another. One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury—for example, an attempted murder where the gun, unbeknownst to the shooter, had no bullets[.]

*Id.* at 208 (emphasis added) (citation omitted). Sandoval-Orellana would have us do precisely what *James* advises against, hypothesizing a case where a person consents to sexual intercourse under duress in circumstances not presenting a real risk of violence, such as where the victim agrees to have sex to avoid eviction or professional reprisals. He argues that in both examples duress could support a conviction, and the statute therefore criminalizes conduct that does not create a "substantial risk that physical force may be used" because the intercourse would be consensual. But this argument requires the sort of theoretical possibility that was cautioned against in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007)[5]:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic

---

[5] It also requires us to ignore the significant possibility that a victim who "consents" to sexual intercourse against his or her will under duress may change his or her mind during the act and begin to resist, prompting the perpetrator to use force to complete the act.

probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Id.* at 193.

We agree with the district court that in the "ordinary case," a conviction for sexual penetration with a foreign object involves a substantial risk of the use of force against another and therefore qualifies as an aggravated felony crime of violence as defined in 8 U.S.C. § 1101(a)(43)(F). We accordingly find that PC § 289(a)(1) proscribes a categorical aggravated felony crime of violence under 18 U.S.C. § 16(b). However, because the crime may also be accomplished by means of "duress" and duress does not necessarily involve the use, attempted use, or threatened use of violent physical force, we find that sexual penetration in violation of PC § 289(a)(1) does not qualify as a crime of violence under § 16(a).

## III.

Sandoval-Orellana also collaterally attacks the deportation order. "To succeed in such a challenge . . . an alien must demonstrate that: '(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at

which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.'" *Reyes-Bonilla*, 671 F.3d at 1042–43 (quoting 8 U.S.C. § 1326(d)).

Even assuming arguendo that Sandoval-Orellana could satisfy the first two requirements, he cannot meet the third. To show fundamental unfairness, he must establish prejudice. *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012). Because we conclude that Sandoval-Orellana has been convicted of an aggravated felony, he cannot establish prejudice. *Id.* at 1056–57.

## IV.

We review all sentences—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). However, absent objection at sentencing, we review for plain error a claim that the district court procedurally erred by failing to adequately explain its sentence. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). We will reverse under the plain error standard only if we find error, the error was obvious, and the error affected the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993).

We also review sentences to ensure that they are procedurally reasonable, which requires us to determine whether the district court appropriately responded to any non-frivolous arguments for a below-Guideline sentence made by the defendant. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). In determining reasonableness, a reviewing court determines whether the district court properly

calculated the Guideline range, properly treated the Guidelines as advisory, evaluated the factors under 18 U.S.C. § 3553(a), and adequately explained the reasons for the sentence. *Id.* In particular, we review whether the district court committed a significant procedural error. A district court commits "significant procedural error" by "failing to consider the § 3553(a) factors" or by "failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

There is no dispute here as to the proper Guidelines calculation. Nor is there a dispute that Sandoval-Orellana was given the opportunity to argue for a reduced sentence. But Sandoval-Orellana argues that the sentence imposed was more severe than necessary to meet the goals of 18 U.S.C. § 3553(a) and complains that the district court failed to adequately address his argument for imposition of a below-Guideline thirty-six month sentence.

It is well established that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). When a party raises a specific, non-frivolous argument that is relevant to sentencing, "the judge should normally explain why he accepts or rejects the party's position." *Carty*, 520 F.3d at 992–93. However, the district court's failure to do so is not procedural error where "adequate explanation" may "be inferred from the PSR or the record as a whole." *Id.* at 992. A thorough explanation is not necessary where the defendant's argument for a lower sentence is straightforward and uncomplicated. *United States v. Overton*, 573 F.3d 679, 699–700 (9th Cir. 2009).

If the record "makes clear that the sentencing judge listened to each argument" and "considered the supporting evidence," the district court's statement of reasons for the sentence, although brief, will be "legally sufficient." *Rita*, 551 U.S. at 358. Here, the district court announced a tentative sentence of sixty-three months. But after hearing from defense counsel and Sandoval-Orellana, and after considering all the § 3553(a) factors, the district court imposed a sentence at the low end of the advisory range, and six months lower than its previously-announced tentative sentence. The district court specifically noted that it saw nothing that would warrant a variance below the Guideline range. The record as a whole shows that the district court considered Sandoval-Orellana's claims about his rehabilitation. There is no plain error.

## CONCLUSION

Sandoval-Orellana's prior conviction for unlawful sexual penetration in violation of California Penal Code § 289(a)(1), for which he was sentenced to more than one year in custody, constituted an aggravated felony under 18 U.S.C. § 16(b) and 8 U.S.C. § 1101(a)(43)(F). Accordingly, he was ineligible for discretionary relief as an aggravated felon and the district court appropriately denied his motion to dismiss. The fifty-seven month sentence was reasonable.

**AFFIRMED.**