FILED

NOT FOR PUBLICATION

JUL 22 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO JAVIER LIZARRAGA-
ESPINOZA,

Defendant - Appellant.

No. 13-50257

D.C. No. 3:12-cr-02304-AJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted June 5, 2014
Pasadena, California

Before: REINHARDT, FISHER, and MURGUIA, Circuit Judges.

Defendant-appellant Francisco Javier Lizarraga-Espinoza appeals his

conviction after a jury trial under 8 U.S.C. § 1326(a) and (b) for illegal reentry

after removal.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lizarraga-Espinoza contends that his two removal orders–one from 1998 and one from 2000–are invalid and thus cannot serve as the basis for prosecution under 8 U.S.C. § 1326. In order to collaterally attack a predicate removal order, a defendant must demonstrate, among other things, that the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). For a removal order to be "fundamentally unfair," the removal proceedings must have violated the defendant's due process rights in a manner that caused prejudice–meaning that absent the due process violation some relief from removal would have been plausible. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011); *United States v. Garcia-Martinez*, 228 F.3d 956, 959-60 (9th Cir. 2000).

We assume without deciding that Lizarraga-Espinoza's 1998 removal order was invalid and cannot serve as the predicate removal order for his conviction. However, we conclude that the 2000 removal order is a valid predicate for his conviction. In 2000, Lizarraga-Espinoza sought admission into the United States without valid documentation and by falsely claiming citizenship. An immigration officer ordered him removed after an expedited removal proceeding. *See* 8 U.S.C. § 1225. Lizarraga-Espinoza now contends that he should have been treated as a lawful permanent resident (LPR) in 2000 and thus should not have been subjected

2

to an expedited removal proceeding. *See* 8 C.F.R. § 235.3(b)(5)(ii). He further contends that such an error–having an expedited removal proceeding instead of a formal hearing before an immigration judge–causes prejudice *per se*.

First, Lizarraga-Espinoza offers no authority for the contention that a defendant improperly denied a formal immigration hearing need not show prejudice, and we have consistently required a showing of actual prejudice. *See Garcia-Martinez*, 228 F.3d at 964. Second, Lizarraga-Espinoza can show no prejudice from the entry of the removal order in 2000; regardless of the nature of the proceedings afforded him, he had no plausible form of relief from that removal order. He had been convicted in 1996 of a crime of violence and had been given a suspended sentence of three years in jail. Thus, by 2000, Lizarraga-Espinoza was an aggravated felon. *See* 8 U.S.C. § 1101(a)(43)(F). As an aggravated felon, Lizarraga-Espinoza was ineligible for relief from removal even if he had been treated as an LPR and placed in formal removal proceedings. *See, e.g.*, *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013) (holding that the district court correctly denied a motion to dismiss a § 1326 indictment where the defendant "was ineligible for discretionary relief as an aggravated felon"); *see also* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Because he cannot show that

3

relief was plausible in 2000, Lizarraga-Espinoza cannot demonstrate that his 2000 removal order was fundamentally unfair. His challenge to his 8 U.S.C. § 1326 conviction thus fails.

**AFFIRMED.**