**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10589 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00802-WHO-1 |
| v. | |
| ARGIMIRO SOLANO, AKA Manuel DeJesus Cortez, AKA Romero Perez, AKA Argiro Pozos Solano, AKA Arlimiro Poso Solano, AKA Romero Solano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Argued and Submitted September 11, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Defendant Argimiro Solano appeals his conviction for illegal reentry after

deportation in violation of 8 U.S.C. § 1326. On appeal, he challenges the district

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's denial of his motion to dismiss his indictment. We have jurisdiction under 28 U.S.C. § 1291.

We have previously held that unlawful sexual penetration under section 289(a)(1) of the California Penal Code is a crime of violence for purposes of 18 U.S.C. § 16(b) because it "is precisely the type of felony that by its nature" raises "a substantial risk that physical force will be used during the course of the crime." *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1179 (9th Cir. 2013) (internal quotation marks omitted). Because section 289(a)(1) is identical in material respects to section 261(a)(2), that conclusion applies here as well, and we hold that Solano's prior rape conviction under section 261(a)(2) of the California Penal Code constitutes a "crime of violence" as defined by § 16(b).

Because the crime of rape under section 261(a)(2) is a crime of violence for purposes of § 16(b), it meets the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43). Accordingly, Solano's collateral challenge to his 1998 removal fails, and the district court did not err in denying Solano's motion to dismiss his indictment.[1]

**AFFIRMED.**

---

[1]Because we decide on this ground, we need not consider whether section 261(a)(2) also meets the definition of aggravated felony because it falls within the generic definition of rape.