UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10589 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00802-WHO-1 |
| v. | Northern District of California, |
| | San Francisco |
| ARGIMIRO POZOS SOLANO, AKA | |
| Manuel DeJesus Cortez, AKA Romero | ORDER |
| Perez, AKA Argiro Pozos Solano, AKA | |
| Arlimiro Poso Solano, AKA Romero | |
| Solano, | |
| Defendant - Appellant. | |

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

The memorandum disposition filed in this case on September 23, 2014, is amended by the attached amended memorandum disposition. With this amended memorandum disposition, the panel has unanimously voted to deny appellant's petition for rehearing. The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration.

The petition for rehearing and the petition for rehearing en banc are DENIED. The panel will not consider any further petitions for rehearing in response to the amended memorandum disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10589 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00802-WHO-1 |
| v. | |
| ARGIMIRO SOLANO, AKA Manuel DeJesus Cortez, AKA Romero Perez, AKA Argiro Pozos Solano, AKA Arlimiro Poso Solano, AKA Romero Solano, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Submitted September 11, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Defendant Argimiro Solano appeals his conviction for illegal reentry after

deportation in violation of 8 U.S.C. § 1326.  On appeal, he challenges the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's denial of his motion to dismiss his indictment on the ground that the crime of rape as defined by section 261(a)(2) of the California Penal Code did not qualify as an aggravated felony. We have jurisdiction under 28 U.S.C. § 1291.

We have previously held that unlawful sexual penetration under section 289(a)(1) of the California Penal Code is a crime of violence for purposes of 18 U.S.C. § 16(b) because it "is precisely the type of felony that by its nature" raises "a substantial risk that physical force will be used during the course of the crime." *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1179 (9th Cir. 2013) (internal quotation marks omitted). Because section 289(a)(1) is identical in material respects to section 261(a)(2), that conclusion applies here as well, and therefore a rape conviction under section 261(a)(2) of the California Penal Code constitutes a "crime of violence" as defined by § 16(b). Because the crime of rape under section 261(a)(2) is a crime of violence for purposes of § 16(b), it meets the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Accordingly, Solano's collateral challenge to his 1998 removal, as stated in his opening brief on appeal,

2

fails, and the district court did not err in denying Solano's motion to dismiss his indictment.[1]

After issuance of our ruling in this case, Solano submitted a petition for rehearing in which he raised the new argument that at the time he pleaded guilty to rape under section 261(a)(2) of the California Penal Code in 1995, his conviction would not have counted as an aggravated felony under pre-1996 immigration law. Solano waived this argument by raising it for the first time in his petition for rehearing. *See Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992) (per curiam). But even if we reached the merits, and concluded that Solano's prior conviction did not constitute an aggravated felony in 1995, his collateral attack on his deportation order would still fail. Solano had been in prison for three years prior to the time the immigration officer made his determination, and therefore Solano could not have demonstrated that he was a "person of good moral character," *see* 8 U.S.C. § 1101(f)(7) (1994), which was necessary to be eligible for either suspension of deportation or voluntary departure. *See* 8 U.S.C § 1254(a)(1), (e)(1) (1994) (repealed in 1996). Because Solano has not demonstrated that he had any plausible ground for relief in his deportation proceeding, he cannot

---

[1]In light of this ruling, we did not consider whether section 261(a)(2) also meets the definition of aggravated felony because it falls within the generic definition of rape.

3

successfully attack his deportation order.  *See United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015–16, 1021 (9th Cir. 2013).

**AFFIRMED.**

4