**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARCOS CORNEJO-MACIAS, aka Macias Cornejo, aka Marco Cornejo, aka Marcos Cornejo, aka Littleman, aka Littleman Cornejo, aka Marcos Littleman,<br><br>Defendant - Appellant. | No. 14-50145<br><br>D.C. No. 2:13-cr-00154-MWF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 2, 2015[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Marcos Cornejo-Macias appeals his conviction for being found in

the United States after removal, in violation of 8 U.S.C. § 1326(a). He argues that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the district court erred by denying his motion to dismiss, pursuant to 8 U.S.C. § 1326(d), which challenged the validity of the underlying removal order. Reviewing de novo, United States v. Sandoval-Orellana, 714 F.3d 1174, 1178 (9th Cir. 2013), we affirm.

Defendant argues that his underlying removal order was invalid because the immigration judge ("IJ") failed to inform him of the possibility of discretionary relief from deportation under former Immigration and Nationality Act § 212(c). See INS v. St. Cyr, 533 U.S. 289, 326 (2001) (holding that § 212(c) relief remains available for noncitizens who pleaded guilty before the law was repealed). But in 1990 and 1991, Congress amended § 212(c) to prohibit discretionary relief for anyone convicted of one or more aggravated felonies who had served at least five years in prison for such felonies. See Immigration Act of 1990, Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052 (amending 8 U.S.C. § 1182(c)); Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, § 306(a)(10), 105 Stat. 1733, 1751 (further amending 8 U.S.C. § 1182(c)). Defendant was convicted (in 1992 and 1994) of, and served more than five years' imprisonment for, two offenses that were considered "aggravated felonies" at the time of his removal proceeding. See 8 U.S.C. § 1101(a)(43)(A), (U) ("aggravated felony" includes attempted murder); Afridi v.

2

Gonzales, 442 F.3d 1212, 1216–17 (9th Cir. 2006) (holding that a conviction under California Penal Code section 261.5(a) is a conviction for "sexual abuse of a minor," an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)), overruled by Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1160 (9th Cir. 2008) (en banc). He was therefore ineligible for § 212(c) relief, and the IJ's failure to inform him of § 212(c) was not error. United States v. Vidal-Mendoza, 705 F.3d 1012, 1016–18 (9th Cir. 2013) (immigration judges are obliged to inform aliens only of relief to which they plausibly may be entitled under the law as it exists at the time). Because we so hold, we need not reach Defendant's other arguments on appeal.

**AFFIRMED.**