**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10256 |
| Plaintiff - Appellee, | D.C. No. |
| v. | 1:12-cr-00039-LJO-BAM-1 |
| RANDY LEE WILKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 14, 2016[*]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Randy Wilkins appeals his conviction and sentence for conspiracy to

commit wire and bank fraud, wire fraud, and bank fraud in violation of 18 U.S.C.

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§§ 1349, 1343, and 1344. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand.

I

Because Wilkins elected to preemptively introduce his prior conviction on direct examination, he waived any right to challenge the admission of his prior conviction. *See United States v. Decoud*, 456 F.3d 996, 1011 (9th Cir. 2006).

II

The district court did not plainly err by ordering Wilkins to pay $736,965.40 in restitution as required by the Mandatory Victim Restitution Act of 1996 ("MVRA"). 18 U.S.C. §§ 3663A, 3664.

The district court did not plainly err by calculating the amount of loss attributable to Wilkins. "Nothing in the MVRA or our case law requires that the district court consider certain factors or make findings of fact on the record." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008). The presentence report's loss calculation relied on a report prepared by the government's investigating agent that was included in the presentence report as Attachment A. This report contained an itemized list of the properties and loss amounts for private and institutional lenders. The court included a copy of the report in its judgment. Thus, the record indicates that the court relied on this report and the corresponding

2

testimony at trial in reaching its conclusion as to the amount of the restitution. *See id.* at 1077–78. Moreover, Wilkins has not shown how the report's calculation without the benefit of *Robers v. United States*, 134 S. Ct. 1854 (2014) prejudiced him.

The district court also did not plainly err by failing to expressly specify that Wilkins's restitution liability is joint and several. Under 18 U.S.C. § 3664(h), a court issuing a restitution order is permitted to apportion liability among defendants according to culpability or capacity to pay, or, in the alternative, make each defendant liable for the full amount of restitution. This provision "gives the court the discretion either to make multiple defendants jointly and severally liable for payment of the full restitution award, or to apportion the restitution order among the various defendants." S.Rep. No. 104–179, at 15 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 928.

In this case, the record reflects that the district court intended to impose joint and several liability on Wilkins. The district court designated the liability as joint and several on Wilkins's co-conspirator's restitution order. The district court also made specific reference to Wilkins and his district court docket number on Wilkins's co-conspirator's restitution order.

III

The district court did not plainly err by ordering forfeiture of $736,965.40. "The district court must impose criminal forfeiture in the amount of the 'proceeds' of the crime." *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011). The proceeds of a "fraudulently obtained loan equal the amount of the loan" and, in a conspiracy, the proceeds "equal the total amount of the loans obtained by the conspiracy as a whole." *Id*. at 1244.

Wilkins committed bank fraud and wire fraud when he obtained loans from institutional lenders through falsified loan applications. Wilkins used these fraudulently obtained loans to purchase properties that served as collateral for obtaining additional loans from private lenders. These additional loans were not disclosed to the institutional lenders or used as represented by Wilkins to private lenders. Thus, the district court did not plainly err by determining that the proceeds of Wilkins's fraudulent activity included loans from private lenders.

IV

Wilkins's sentence was not procedurally flawed or substantively unreasonable. The district court did not err procedurally. It correctly calculated the Sentencing Guidelines range; considered and explicitly referenced the 18 U.S.C. § 3553(a) sentencing factors on the record; and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008). A

4

district court's explanation for a sentence will be "legally sufficient" if the "record makes clear that the sentencing judge listened to each argument and considered the supporting evidence." *United States v. Sandoval–Orellana*, 714 F.3d 1174, 1181 (9th Cir.2013) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).

The district court did not err substantively when imposing different sentencing between Wilkins and his co-conspirator. *See United States v. Chhun*, 744 F.3d 1110, 1123–24 (9th Cir. 2014). The court explained that Wilkins's co-conspirator could be expected to receive a lesser sentence because he cooperated with authorities in the investigation, did not engage in obstruction or perjury, and suffered from major medical issues. The court further noted that Wilkins was the leader of the conspiracy.

V

The district court plainly erred by imposing on Wilkins supervised release conditions relating to alcohol use, drug and alcohol testing, and participation in a substance abuse treatment program. There is no evidence that at the time of sentencing Wilkins had an alcohol or substance abuse problem. *See United States v. Betts*, 511 F.3d 872, 877–78 (9th Cir. 2007). Accordingly, we vacate the special conditions five, six, and seven and remand to the district court with directions to omit the conditions.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**