**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50047 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03166-LAB |
| v. | |
| JULIAN RAMIREZ-REYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 27, 2018[**]

Before:      CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Julian Ramirez-Reyes appeals from the district court's judgment and challenges the 58-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez-Reyes contends that the district court procedurally erred by failing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

to address his non-frivolous arguments for a lower sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Ramirez-Reyes's mitigating arguments and was not persuaded that they warranted a lower sentence. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013).

Ramirez-Reyes next contends that the district court erred by denying the parties' joint request for a two-level departure for fast track. He argues that the court acted pursuant to an improper blanket policy of denying fast-track adjustments to defendants who have previously received one. The record belies Ramirez-Reyes's claim. The district court expressly disavowed having a policy against fast-track departures, and explained that it was denying a fast-track departure in Ramirez-Reyes's case because of his particular circumstances, especially his immigration record. The district court did not abuse its discretion in denying the adjustment or in imposing an above-Guidelines sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015). Contrary to Ramirez-Reyes's contention, the court considered unwarranted sentencing disparities, and the 58-month sentence is substantively reasonable in light of the totality of the circumstances, including the length of Ramirez-Reyes's prior sentences for the same offense. *See id.* at 1184-85; *United States v. Burgos-*

*Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015).

**AFFIRMED.**