**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10085 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00334-DKW |
| v. | |
| MIKILONI MOLI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN Circuit Judges.

Mikiloni Moli appeals from the district court's judgment and challenges the

170-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute and possess with intent to distribute methamphetamine and cocaine, and

distribution of methamphetamine and cocaine, all in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1) and (b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moli contends that the district court procedurally erred by failing to address his non-frivolous arguments for a downward variance. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Contrary to Moli's contentions, the record demonstrates that the district court considered Moli's post-arrest admissions to law enforcement about distributing additional quantities of methamphetamine as evidence of his cooperation with law enforcement and treated it as a mitigating factor. The record also demonstrates that the court considered Moli's arguments regarding his 2010 assault case and simply was not persuaded by them. Under the circumstances, the district court was not required to do more. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013) ("If the record 'makes clear that the sentencing judge listened to each argument' and 'considered the supporting evidence,' the district court's statement of reasons for the sentence . . . will be 'legally sufficient.'" (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007))).

Moli also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence of 170 months is substantively

18-10085

reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the large quantity of drugs Moli distributed, his history of poly-substance abuse, and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**