NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ARCENIO CASTANEDA, AKA Arcenio Santiago Castaneda,<br><br>Defendant-Appellant. | No. 17-50185<br><br>D.C. No.<br>2:10-cr-00887-MWF-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ARCENIO CASTANEDA, AKA Chago, AKA Arsenio Chago, AKA Lonely, AKA Arcenio Santiago Castaneda,<br><br>Defendant-Appellant. | No. 17-50188<br><br>D.C. No.<br>2:16-cr-00758-MWF-1 |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 5, 2018**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  RAWLINSON and BEA, Circuit Judges, and RICE,*** Chief District Judge.

In these consolidated criminal appeals, Arcenio Castaneda challenges the sentences imposed by the district court following his guilty plea to violating 8 U.S.C. § 1326 ("Section 1326 Violation") and to violating the terms of his supervised release ("Supervised Release Violation").  Castaneda argues that his sentences should be vacated because the district court committed significant procedural errors.

It is well-established that unpreserved procedural error claims are reviewed only for plain error.  *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180 (9th Cir. 2013).  It is undisputed that Castaneda failed to object to any of the procedural errors he now raises on appeal.  Accordingly, under plain error review, Castaneda bears the burden of establishing a "clear or obvious" error that "affected [his] substantial rights." *Puckett*, 556 U.S. at 135.  Because Castaneda fails to meet this burden, we affirm his sentences.

---

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

## I.    Sentencing for Supervised Release Violation

Castaneda argues that the district court erred procedurally (1) by failing to separately calculate the applicable Guideline range for the Supervised Release Violation and (2) by failing to address the applicable sentencing factors under §§ 3553 and 3583 before imposing a sentence for the Supervised Release Violation. We reject both arguments.

The district court did not plainly err by failing to memorialize the applicable Guideline range.  Prior to sentencing, the United States Probation Office ("USPO") twice advised the district court that Castaneda's June 2015 arrest comprised a Grade A violation with a Guideline range of 30 to 37 months, limited by statute to 24 months.  There was never any dispute as to whether the Guideline range or the statutory maximum was correct.  Without repeating the undisputed Guideline range, the district court sentenced Castaneda to the below-Guideline, statutory maximum 24-month sentence, concurrent with the Section 1326 Violation.[1]  In these circumstances, an adequate explanation may be inferred from the record as a whole—the district court simply decided to apply the Guideline, specifically the

---

[1]    Significantly, the Guidelines provide that the revocation sentence is to be served consecutively to any sentence of imprisonment the defendant is serving. *See* U.S.S.G. § 7B1.3(f).  Here, however, the district court imposed concurrent sentences, per the Government's recommendation, eliminating the possibility of harmful error to the Defendant.

17-50185

statutory maximum term, to Castaneda's case. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

Nor did the district court plainly err by imposing the 24-month sentence for the Supervised Release Violation without discussing the applicable §§ 3553 and 3583 factors for that offense. The district court sentenced Castaneda for the Supervised Release Violation only moments after sentencing him for the Section 1326 Violation. Addressing the Section 1326 Violation, the district court confirmed that it had considered the § 3553(a) factors, including the applicable Guideline range, and specifically discussed Castaneda's gang membership, recidivism, and danger to the community. Though the district court did not expressly articulate how the § 3553(a) factors influenced its decision to impose the statutory maximum 24-month sentence for the Supervised Release Violation, the sufficiency of the district court's explanation should be viewed in context of the record as a whole. The district court's prior discussion of relevant sentencing factors is equally applicable to the Supervised Release Violation.

## II.   Imposition of Gang-Related Conditions of Supervised Release

Next, Castaneda argues that the district court erred "by prohibiting [him] from future gang-related contacts, without making any particularized factual findings that [he] was even a gang member, much less one linked to the particular gang (Florencia 13) to which the conditions apply."

17-50185

A district court "need not state at sentencing the reasons for imposing each condition of supervised release, *if it is apparent from the record.*" *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (emphasis in original). Here, the record establishes that the district court was knowledgeable of Castaneda's gang ties and relied on that knowledge at sentencing. As Castaneda concedes, the Presentence Report informed the district court that "Castaneda was identified as a member of the Holmes Street clique of the Florencia street gang," and the USPO notified the district court of Castaneda's "ties to a street gang" in its first Violation Report and the March 8, 2017, recommendation letter. Based on this record, the district court did not plainly err by imposing the gang-related conditions of supervised release.

## III. Double-Counting

Finally, Castaneda argues that the district court committed plain error by impermissibly using a prior controlled substance offense to both enhance his advisory Guidelines range by 16 levels and increase his criminal history score by three points. Castaneda concedes, however, that "this Court has long held that a district court does not impermissibly double count" by using a prior offense to both enhance a defendant's base offense level and calculate his criminal history score. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009).

17-50185

Given this Circuit's precedent and Castaneda's concession, Castaneda's double-counting claim fails to satisfy plain error review.

**AFFIRMED.**