NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50058 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00136-VAP-1 |
| v. | |
| HECTOR GARCIA, AKA Hector Armando Garcia, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted March 4, 2019**
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and DONATO,*** District
Judge.

Hector Garcia appeals from his 144-month sentence imposed at resentencing

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

for his convictions for two counts of being a felon in possession of firearms or ammunition, in violation of 18 U.S.C. § 922(g)(1). As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

1. Garcia argues that the district court violated his due process right to a fair tribunal by creating the appearance at resentencing that it had prejudged the 18 U.S.C. § 3553(a) factors before considering any new mitigating information. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1909 (2016) ("Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself."). However, the district court's comments and actions relied on by Garcia are insufficient to demonstrate a due process violation. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that, in the absence of any evidence of some extrajudicial source or bias, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"). The record reflects that the district court considered new mitigating information and did not limit its analysis at resentencing to its prior findings at the original sentencing.

2. Garcia also challenges his enhancements under the Sentencing Guidelines based on firearms and marijuana found in the garage at a house in

---

[1] We grant Garcia's motion to supplement his opening brief. Dkt. No. 33.

Riverside. However, the district court did not clearly err in finding that Garcia constructively possessed the firearms and marijuana. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (stating that factual findings at sentencing are reviewed for clear error). "To demonstrate constructive possession the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]." *United States v. Cazares*, 121 F.3d 1241, 1245 (9th Cir. 1997) (citation omitted). Despite Garcia's contention that he and his family had recently moved out of the Riverside house, the district court did not clearly err in finding that Garcia was still living at the Riverside house at the time of the search revealing the contraband. The district court also did not clearly err in inferring that Garcia had dominion and control over the firearms and marijuana found in the garage.

3. Garcia argues that the district court failed to adequately explain his sentence and consider his new mitigating evidence at resentencing. However, the district court's explanation for Garcia's within-Guidelines 144-month sentence was legally sufficient, and the court was not required to more explicitly address Garcia's mitigating arguments. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013) ("If the record 'makes clear that the sentencing judge listened to each argument' and 'considered the supporting evidence,' the district

court's statement of reasons for the sentence, although brief, will be 'legally sufficient.'" (quoting *Rita v. United States,* 551 U.S 338, 358 (2007))).

Further, contrary to Garcia's contention, the district court did not base his sentence on any clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (listing "selecting a sentence based on clearly erroneous facts" as a "significant procedural error"). For example, the court's statement that "[t]he guns and the ammunition were scattered throughout the house along with children's toys" is supported by the record.

As Garcia concedes, his *Apprendi* argument is barred by controlling precedent, but he preserves it for further review. *See United States v. Fitch*, 659 F.3d 788, 794-95 (9th Cir. 2011).

**AFFIRMED**.