NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10045 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00707-JJT-1 |
| v. | |
| JOSE DAVID FLORES GARCIA, AKA Jose Flores Garcia, AKA Jose David Flores-Garcia, AKA Jose Floresgarcia, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 15, 2019**
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and VRATIL,*** District Judge.

Defendant-Appellant Jose David Flores Garcia collaterally attacks the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

removal order underlying his conviction for reentry after removal in violation of 18 U.S.C. § 1326(a). Flores Garcia moved to dismiss the indictment on the ground that the underlying removal violated his due process rights, and the district court denied the motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Flores Garcia argues that the underlying expedited removal violated his due process rights because he was not informed of his right to counsel or of the charges against him, and because he was not allowed to read, and did not have read to him, his sworn statement. In ruling on the motion to dismiss, however, the district court conducted an evidentiary hearing in which it resolved these factual disputes in the government's favor. "A district court's findings of fact underlying its denial of such a motion are reviewed for clear error," *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013), and where, as here, "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). Accordingly, we conclude that Flores Garcia's due process rights were not violated in this manner.

2. Flores Garcia also contends that his due process rights were violated because he was not advised that he could have asked for discretionary permission to withdraw his application for admission. But we have held that "the right to be

2

informed of potentially available avenues of relief from removal is not among" the procedural rights to which non-admitted aliens are entitled. *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013). Therefore, the fact that Flores Garcia was not informed of this particular avenue of relief did not constitute a violation of his due process rights.

**AFFIRMED.**