**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-4196 |
| Plaintiff - Appellee, | D.C. No.<br>1:21-cr-00099-SOM-1 |
| v. | |
| FELIX THAXTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted February 12, 2025
Honolulu, Hawaii

Before:  S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Felix Thaxton appeals the sentence imposed on him after his guilty plea to knowingly and intentionally possessing with intent to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts and history of this case, we need not recount them here.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

I

Thaxton raises several challenges to the district court's application of the premises enhancement, U.S.S.G. § 2D1.1(b)(12). The enhancement adds two levels "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." *Id.* The Guidelines commentary elaborates:

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

U.S.S.G. § 2D1.1 cmt. n.17.

A

Thaxton first argues that the district court erred by deferring to the Guidelines commentary without first determining that such deference was appropriate under *Kisor v. Wilkie*, 588 U.S. 558 (2019). Under *Kisor*, when interpreting a Guidelines provision, a court may only defer to the commentary when such deference meets the *Kisor* standard. *United States v. Castillo*, 69 F.4th 648, 655 (9th Cir. 2023). Thaxton did not raise this objection before the district

2

court, so we review for plain error. *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180 (9th Cir. 2013). To show plain error, Thaxton must show (1) error that (2) is clear or obvious (3) affected Thaxton's substantial rights and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if plain error did not apply, we would reject Thaxton's challenge under any standard.

The district court did not commit reversible error in not conducting a *Kisor* analysis because the record demonstrates that the *Kisor* standard was satisfied in this case. Therefore, there was no reversible error, plain or otherwise. *Kisor* has three requirements. First, the regulation—here, the Guidelines provision—must be "genuinely ambiguous after exhausting all the traditional tools of construction." *United States v. Trumbull*, 114 F.4th 1114, 1118 (9th Cir. 2024) (simplified) (quoting *Kisor*, 588 U.S. at 574–79). Second, the agency's interpretation—here, the Guidelines commentary—must be "reasonable." *Id.* Finally, "the character and context of the agency interpretation" must "entitle[] it to controlling weight." *Id.* Each requirement is met here.

The first *Kisor* requirement is satisfied because the "for the purpose of" clause in the premises enhancement is "genuinely ambiguous." *Kisor*, 588 U.S. at 574. The phrase "for the purpose of" is ambiguous because it has a spectrum of

3

possible meanings. Indeed, we note that when examining identical text in 21 U.S.C. § 856(a)(1)—the criminal statute that § 2D1.1(b)(12) was modeled after—we reasoned that the phrase is susceptible to "various formulations," "between the poles of 'incidental use' and 'sole purpose.'" *See United States v. Shetler*, 665 F.3d 1150, 1161 (9th Cir. 2011).

The second *Kisor* requirement is satisfied because the commentary is a reasonable interpretation of the Guidelines. An agency's interpretation is reasonable if it "come[s] within the zone of ambiguity the court has identified after employing all its interpretive tools." *Kisor*, 588 U.S. at 575–76. Here, the commentary's interpretation—"one of the defendant's primary or principal uses," U.S.S.G. § 2D1.1, cmt. n.17—is reasonable because it falls within the "zone of ambiguity" between "incidental use" and "sole purpose."

The final *Kisor* requirement is also satisfied. This requirement "does not reduce to any exhaustive test," but the Supreme Court has provided three "especially important markers" for determining when it is satisfied, *Kisor*, 588 U.S. at 576–77: "(i) the interpretation is the agency's official position, rather than any more ad hoc statement not reflecting the agency's views; (ii) the interpretation implicates the agency's substantive expertise; and (iii) the interpretation reflects

4

the agency's fair and considered judgment." *Trumbull*, 114 F.4th at 1118 (simplified) (citing *Kisor*, 588 U.S. at 574–79).

The commentary here satisfies all of those criteria. First, the commentary is the Commission's official position, issued by the Commission itself. *Id.* at 1120. Second, when the commentary interprets ambiguous terms in the Guidelines, as it does here, it is within the Commission's scope of authority: to "establish sentencing policies and practices for the [f]ederal criminal justice system." *Id.* (alteration in original) (quoting 28 U.S.C. § 991(b)(1)). Finally, the commentary represents the Commission's "fair and considered judgment" rather than just a convenient litigating position, because it was issued in advance of litigation and after a considered process. *See id.* at 1120–21.

B

Thaxton argues in the alternative that it was error to find that drug distribution was a primary or principal use of Thaxton's home. Because this is a factual determination, we review for clear error. *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021).

Here, it was not clear error to find that drug distribution was one of Thaxton's primary or principal uses of his apartment. There was evidence that

Thaxton initially moved to his apartment for the purpose of distributing drugs: He admitted that he moved there to be closer to his drug contacts.

There was evidence that Thaxton used his apartment to distribute drugs. He "cut" drugs there, and there was a confirmed sale of drugs in the apartment. The frequency of this unlawful use was likely high: He received drugs weekly, and "provided his source of supply with between $50,000 and $250,000 in drug proceeds on a weekly or bi-weekly basis." And the items found in the apartment—large quantities of drugs and money, as well as firearms and ammunition—further support the finding that drug distribution was a primary or principal use.

*United States v. Job*, 871 F.3d 852 (9th Cir. 2017) is not to the contrary. In *Job*, the district court made no findings of fact before applying the enhancement, and "it [did] not appear that the court considered whether or not one of the primary purposes of Job's kitchen was to manufacture methamphetamine." *Id.* at 872. Here, the district court made findings and carefully considered the purpose of the residence.

II

Finally, Thaxton argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on three issues. Thaxton did not

raise this objection before the district court, so we review for plain error. *United States v. Wijegoonaratna*, 922 F.3d 983, 989 (9th Cir. 2019).

Rule 32 requires a sentencing court to "--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). "Only specific factual objections trigger Rule 32(i)(3)(B)." *United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013) (quoting *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008)). Thaxton argues that the district court should have ruled on both the safety-valve reduction under U.S.S.G. § 2D1.1(b)(18), and the zero-point offender reduction under U.S.S.G. § 4C1.1, specifically because he did not possess a firearm "in connection with" the offense. U.S.S.G. §§ 2D1.1(b)(18), 4C1.1(a)(7), 5C1.2(a)(2). However, these issues did not involve any underlying controverted matters. In the district court, Thaxton only disputed whether he possessed a firearm at all, and the district court ruled on that dispute, thus satisfying its Rule 32(i)(3)(B) obligations. Thaxton had no separate factual objection about not possessing a firearm "in connection with" the offense. Because there was no unresolved specific factual dispute, there was no Rule 32(i)(3)(B) violation, *see Petri*, 731 F.3d at 841, and certainly no plain error.

Thaxton also disagrees with certain facts in the presentence report about a prior conviction and arrest. Although Thaxton did raise a specific factual objection about this issue, the objection would not change his criminal history category or any of the enhancements applied to his Offense Level. Therefore, any error in not specifically addressing the objection was harmless.

IV

We affirm the district court's imposition of the sentence. Given our resolution of this case, we need not—and do not—reach any other issue raised by the parties.

**AFFIRMED.**