**NOT FOR PUBLICATION**

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30009 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-05073-RBL |
| v. | |
| DANIEL SETH FRANEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, United States District Judge, Presiding

Submitted May 10, 2018[**]
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and TUNHEIM, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Defendant-Appellant Daniel Franey appeals his above-guideline sentence of 72 months imposed following his guilty plea to unlawful possession of a machine gun under 18 U.S.C. § 922(o). Franey argues that the sentencing judge committed procedural error by impermissibly considering his religious and political views, improperly considering his mental health, and failing to adequately explain the upward variance. He also argues that his sentence was substantively unreasonable because the sentencing judge failed to consider mitigating circumstances and improperly weighed the statutory sentencing factors. For the reasons that follow, we affirm the sentence.

I.

On appeal, we consider procedural error first. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review Franey's procedural arguments for plain error because he did not object at the time of sentencing. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

A sentencing court must consider the parties' recommended sentences and decide whether they are supported by the § 3553(a) factors. *United States v. Petri*, 731 F.3d 833, 842 (9th Cir. 2013). The court's explanation must "communicate[] that the parties' arguments have been heard, and that a reasoned decision has been made." *Carty*, 520 F.3d at 992. Even a brief statement of reasons is sufficient "[i]f the record

'makes clear that the sentencing judge listened to each argument' and 'considered the supporting evidence.'" *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).  A sentencing court's failure to explain why it accepts or rejects a party's position "is not procedural error where 'adequate explanation' may 'be inferred from the PSR or the record as a whole.'" *Id*. (quoting *Carty*, 520 F.3d at 992).

The sentencing judge did not commit procedural error in sentencing Franey. The record shows that the sentencing judge listened to the parties' arguments and considered the supporting evidence.  He properly considered Franey's beliefs as relevant to the circumstances of the offense and specific sentencing factors, *see Dawson v. Delaware*, 503 U.S. 159, 165 (1992), and properly considered Franey's mental health as it related to relevant sentencing factors.  The sentencing judge adequately justified the upward variance by relying on "the seriousness of the offense," § 3553(a)(2)(A), and the need "to protect the public from further crimes," § 3553(a)(2)(C).

## II.

We review the substantive reasonableness of a sentence for abuse of discretion. *Carty*, 520 F.3d at 993.  "[A] district court abuses its discretion when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are

left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc)). A variance is not presumed to be unreasonable, *Carty*, 520 F.3d at 993, and we must give due deference to the sentencing judge's decision that the relevant factors justify the extent of the variance, *Gall v. United States*, 552 U.S. 38, 59-60 (2007). Furthermore, "[t]he weight to be given the various [sentencing] factors in a particular case is for the discretion of the district court." *United States v. Burgos-Ortega*, 777 F.3d 1047, 1056 (9th Cir. 2015) (quoting *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009)). Here, the sentencing judge did not make an error of law, and his determination that the aggravating factors outweighed the mitigating factors was supported by inferences that could be drawn from the record. The sentencing judge did not abuse his discretion, and the sentence imposed was not substantively unreasonable.

**AFFIRMED**.